```
        IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF KANSAS
```

**JOE FLOYD FULLER, SR.,**

                **Plaintiff,**

       v.                                  CASE NO. 08-3065-SAC

**BILLY WILCOX, et al.,**

                **Defendants.**

### O R D E R

Plaintiff proceeds pro se on a complaint filed under 42 U.S.C. § 1983. This court denied plaintiff leave to proceed in forma pauperis, based upon the "3-strike" provision in 28 U.S.C. § 1915(g). The Tenth Circuit reversed, finding plaintiff made a facial showing that he is in "imminent danger of serious physical harm" if he is not allowed to proceed on his complaint without prepayment of the $350.00 district court filing fee. *See* <u>Fuller v. Wilcox</u>, 2008 WL 2961388 (10th Cir. August 4, 2008)(unpublished opinion). The court thus grants plaintiff provisional leave to proceed in forma pauperis in this matter, subject to the district court's reexamination if plaintiff's factual allegations supporting the imminent danger exception are later challenged. *See* <u>id</u>.

"[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Accordingly, plaintiff is now responsible for the full $350.00 district court

filing fee in this action.[1]  Because any funds submitted to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding fee obligations,[2] collection of the $350.00 district court filing fee in this action is to proceed as authorized by automatic payments from his inmate trust fund account pursuant to 28 U.S.C. § 1915(b)(2) after plaintiff's prior fee obligations have been fully satisfied.

Plaintiff's motions for appointment of counsel are denied without prejudice to plaintiff renewing his request for appointed counsel after the court has screened plaintiff's complaint as

---

[1] Plaintiff is obligated to pay the full $350.00 district court filing fee pursuant to § 1915(b) even if his claims are found to have no merit or are summarily dismissed as frivolous or as stating no claim for relief. *See* In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997)(the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal); McGore v. Wrigglesworth, 114 F.3d 601, 608 (6th Cir. 1997)("[A] court's responsibility under the Prison Litigation Act is to first examine the financial status of a prisoner and make the assessment of fees. After the fees have been assessed, the merits of a complaint or appeal may be reviewed.")(*citing* Tyler). *See also* Purkey v. Green, 28 Fed.Appx. 736, 746 (10th Cir. 2001)("Section 1915(b) does not waive the filing fee, however, nor does it condition payment of the filing fee on success on the merits. ... Notwithstanding the district court's dismissal of plaintiff's action, he is still required to pay the full filing fee to the district court.")(unpublished opinion, cited not as binding precedent but for its persuasive value, Fed.R.App.P. 32.1 and 10th Cir.R. 32.1).

[2] *See* Fuller v. Green, Case No. 03-3183-GTV ($150.00 district court filing fee); Fuller v. Turnbo, Case No. 03-3192-GTV ($150.00 district court filing fee *and* $105.00 appellate filing fee); Fuller v. Unified Gov. of Wyandotte Co., Case No. 03-3229-GTV ($150.00 district court filing *and* $105.00 appellate filing fee); Fuller v. Unified Gov. of Wyandotte Co., Case No. 03-3243 ($150.00 district court filing fee *and* $105.00 appellate filing fee); Fuller v. Wilcox, 08-3065-SAC ($455.00 appellate filing fee).

2

required by 28 U.S.C. § 1915A.[3]  Plaintiff has no right to the assistance of counsel in this civil action, Durre v. Dempsey, 869 F.2d 543, 647 (10th Cir. 1989), and plaintiff has ably demonstrated his ability to present his claims and address legal issues thus far. *See* Long v. Shillinger, 927 F.2d 525, 526-27 (10th Cir. 1991)(factors to be considered in deciding motion for appointment of counsel).

Plaintiff's motion for a preliminary injunction and a temporary restraining order is denied without prejudice.  Plaintiff identifies no specific injunctive relief being sought, and states only that he is a pretrial detainee who is being mistreated, and seeks "an injunction and TRO to protect his rights under the [Americans with Disabilities Act] and the Eighth and Fourteenth Amendments." ("Injunction and TRO, Doc. 4.)  This bare and sweeping request is insufficient to address the standards plaintiff must satisfy to prevail on his motion, *see* Kikumura v. Hurley, 242 F.3d 950, 955 (10th Cir. 2001), and does not warrant any grant of extraordinary injunctive relief at this time.

IT IS THEREFORE ORDERED that plaintiff is granted provisional leave to proceed in forma pauperis, and that payment of the $350.00 district court filing fee is to proceed as authorized by 28 U.S.C. § 1915(b)(2) after plaintiff's prior fee obligations have been fully satisfied.

IT IS FURTHER ORDERED that plaintiff's motions for appointment

---

[3]The court notes plaintiff's recent filing of numerous pleadings, including an amended complaint that is now subject to screening under § 1915A.

of counsel (Docs 3, 18, and 50), and plaintiff's motion for a preliminary injunction and temporary restraining order (Doc. 4), are is denied without prejudice.

**IT IS SO ORDERED.**

DATED:  This 12th day of September 2008 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge