IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JOE FLOYD FULLER, SR.,

                Plaintiff,

     v.                                        CASE NO. 08-3065-SAC

BILLY WILCOX, et al.,

                Defendants


JOE FLOYD FULLER, SR.,

                Plaintiff,

     v.                                        CASE NO. 08-3171-SAC

FRANK DENNING, et al.,

                Defendants.


O R D E R

Plaintiff proceeds pro se and in forma pauperis[1] on a complaint filed under 42 U.S.C. § 1983, seeking relief for the alleged violation of his rights while confined as a pretrial detainee in two Johnson County correctional facilities. Plaintiff subsequently

---

[1] The court granted plaintiff provisional leave to proceed in forma pauperis in this matter, subject to the district court's reexamination if plaintiff's factual allegations supporting the imminent danger exception are later challenged. *See* Fuller v. Wilcox, 2008 WL 2961388 (10th Cir. August 4, 2008)(unpublished opinion). *See also* See Fuller v. Myers, 123 Fed.Appx 365, 2005 WL 408063 **2 (10th Cir. 2005)(if the district court should order service of process, any defendant served with such process "[would be] permitted to mount a factual challenge, based on full development of the facts, to the district court's provisional determination on the face of the complaint that Fuller satisfies the 'imminent danger' element").

amended his complaint to broadly allege the violations of the Americans with Disabilities Act.

By an order dated July 15, 2009, the court denied without prejudice plaintiff's motions to amend the complaint and to add additional defendants, and granted plaintiff an opportunity to amend the complaint in a proper manner. Plaintiff failed to do so, or to file any response or objection to the July 15, 2009, order. Accordingly, this consolidated action proceeds against the five defendants named in the consolidated complaints: Officer Wilcox at the Fred Allenbrand Correctional Facility in New Century, Kansas (FACF-New Century), Nurse Valerie at the Johnson County Adult Detention Center in Olathe, Kansas (JCADC-Olathe), CCS as the private entity providing medical care at the Johnson County facilities, Johnson County Sheriff Frank Denning, and Dr. Gamble at the Johnson County facilities.

Plaintiff seeks damages[2] for defendants' alleged violation of his constitutional rights after his December 2007 arrest and subsequent confinement in two Johnson County facilities by refusing to provide plaintiff with a wheelchair. Plaintiff claims defendants were deliberately indifferent to his serious medical needs, and violated his rights under the United States Constitution and federal law. Plaintiff's allegations, when taken as true and liberally

---

[2]As it appears from the record that plaintiff is no longer confined in either Johnson County facility, his request for injunctive relief is moot. See Martin v. Sargent, 780 F.2d 1334 (8th Cir. 1985)(claim for injunctive relief moot if no longer subject to conditions). See also, Cox v. Phelps Dodge Corp., 43 F.3d 1345, 1348 (10th Cir. 1994)(declaratory relief subject to mootness doctrine).

construed as the court must do at this stage, are sufficient to warrant a response from defendants.  Although plaintiff's administrative documentation clearly demonstrates significant disputes between plaintiff and staff over many issues, including whether plaintiff in fact needs a wheelchair, and whether medical attention is being denied by staff or refused by plaintiff's failure to cooperate, such disputes cannot be resolved during § 1915A screening.

When a plaintiff proceeds in forma pauperis in federal court, the court is to issue and serve all process.  *See* 28 U.S.C. § 1915(d)(when a plaintiff proceeds in forma pauperis under § 1915, the court is to issue and serve all process); Fed.R.Civ.P. 4(c)(2)(providing for court appointment of U.S. Marshal Service to effect service when plaintiff proceeds in forma pauperis under 28 U.S.C. § 1915).  Because plaintiff's release from confinement has potentially changed the circumstances under which the court granted plaintiff provisional leave to proceed in forma pauperis in this matter, the court finds it appropriate to have plaintiff resubmit a form motion for seeking leave to proceed in forma pauperis.  This will allow the court to review plaintiff's current financial resources, and determine whether plaintiff is able to pay for the cost of service of waiver of service of summons forms by the United States Marshal Service.

The court notes that plaintiff has not filed any document with the court since his release.  Plaintiff is advised that the failure to file a timely motion for leave to proceed in forma pauperis, as directed by the court herein, may result in the consolidated

3

complaint being dismissed without prejudice and without further prior notice to plaintiff.  Plaintiff is also reminded that Rule 5.1(c) of the Rules of Practice and Procedure for the District of Kansas requires "[e]ach...party appearing pro se is under a continuing duty to notify the clerk in writing of any change of address or telephone number.  Any notice mailed to the last address of record of an attorney or a party appearing pro se shall be sufficient notice."

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to submit an executed form motion for seeking leave to proceed in forma pauperis under 28 U.S.C. § 1915.

The clerk's office is to provide plaintiff with a copy of this order and a form motion for filing under 28 U.S.C. § 1915, mailed to the last address provided by plaintiff.

**IT IS SO ORDERED.**

DATED:  This 3rd day of September 2009 at Topeka, Kansas.

 s/ Sam A. Crow  
SAM A. CROW  
U.S. Senior District Judge