IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOE FLOYD FULLER, SR.,

                Plaintiff,

    v.                                         CASE NO. 08-3065-SAC

BILLY WILCOX, et al.,

                Defendants


JOE FLOYD FULLER, SR.,

                Plaintiff,

    v.                                         CASE NO. 08-3171-SAC

FRANK DENNING, et al.,

                Defendants.


**O R D E R**

On September 9, 2009, the court dismissed without prejudice the consolidated complaints captioned herein. On December 31, 2009, the Tenth Circuit Court of Appeals dismissed plaintiff's appeal from that final order and judgment as untimely filed. Before the court is plaintiff's motion to reopen this matter. Plaintiff's motion is dated March 27, 2010, and was received by the court and docketed on April 14, 2010.

Plaintiff's pro se motion is liberally construed as seeking relief under Rule 60(b)(6),[1] and is denied.

---

[1] Fed.R.Civ.P. Rule 60(b) reads:
Grounds for Relief from a Final Judgment, Order, or Proceeding.
    "On motion and just terms, the court may relieve a party
    or its legal representative from a final judgment, order,
    or proceeding for the following reasons:

Relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances." *Beugler v. Burlington Northern & Santa Fe Ry. Co.*, 490 F.3d 1224, 1281 (10th Cir.2007)(internal quotation marks omitted). The "catch-all" provision in Rule 60(b)(6) permits reopening of a case "when the movant shows any ... reason justifying relief from the operation of the judgment other than the more specific circumstances set out in Rules 60(b)(1)-(5)." *Gonzalez v. Crosby*, 545 U.S. 524, 528-29 (2005)(internal quotation marks omitted). Relief under Rule 60(b)(6) "is even more difficult to attain and is appropriate only when it offends justice to deny such relief." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1232 (10th Cir.1999)(internal quotation marks omitted).

Having reviewed plaintiff's broad references to his delayed receipt of the September 2009 final order and judgment (which presumably addresses the reason for his untimely appeal), and to his continuing mental and medical conditions, the court finds no

---

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief."

relief under Rule 60(b)(6) is warranted.[2]

IT IS THEREFORE ORDERED that plaintiff's motion to reopen this consolidated action (Doc. 138) is denied.

**IT IS SO ORDERED.**

DATED: This 22nd day of September 2010 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[2] Nor does the court find a showing of due diligence has been made for the purpose establishing excusable neglect as a basis for reopening of this action under Rule 60(b)(1). The mere assertion that plaintiff was confined in a Missouri facility for a period of time does not establish plaintiff was prevented from monitoring filings in his case or notifying the court of his change of address as required by District of Kansas Rule 5.1(c). Also, the record in this matter fully demonstrates plaintiff's ability to draft and file pleadings notwithstanding the mental and physical problems he alleges as continuing since the filing of his complaint.